## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
(AT CINCINNATI)

IN RE:

SUBPOENA ISSUED TO VICTORY WHOLESALE GROCERS, INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IDELLE LABS, LTD. | ) | Case No. _____ |
| | ) | Miscellaneous Action |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DINA WEIN REIS, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO QUASH OR, IN THE ALTERNATIVE, MODIFY SUBPOENA ISSUED
### TO VICTORY WHOLESALE GROCERS, INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW COMES Victory Wholesale Grocers, incorrectly denominated Victory Wholesale

Grocers, Inc. ("Victory"), by and through Counsel, and respectfully moves this Court for an

order, pursuant to Fed. R. Civ. P. 45(c)(3), quashing or, in the alternative, modifying the

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in

a Civil Action ("Subpoena") issued from this Court by Idelle Labs, LTD ("Idelle Labs"). The

grounds for this Motion are that (1) the Subpoena is invalid and unenforceable; (2) the

Subpoena's requests are overly broad and unduly burdensome; and (3) compliance would require

the disclosure of confidential trade secrets which could significantly harm Victory. A

memorandum and affidavit in support of this Motion are attached hereto, along with a copy of

the Subpoena that Victory requests be quashed.

Respectfully submitted,

**FLAGEL & PAPAKIRK LLC**

/s/James Papakirk
James Papakirk (0063862)
Sara C. Conley (0080673)
Flagel & Papakirk LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: jpapakirk@fp-legal.com

*Attorneys for non-party*
*Victory Wholesale Grocers*

## MEMORANDUM IN SUPPORT

### I.    INTRODUCTION AND STATEMENT OF THE CASE

Idelle Labs is the plaintiff in a case currently pending in the Southern District of New York. [1]    Victory is not a party in that litigation.  On November 1, 2013, Idelle Labs, without any prior consultation with Victory, issued the Subpoena from this Court directing Victory to produce responsive documents on November 19, 2013 in New York City.[2]    Victory was not served with this Subpoena until November 5, 2013, leaving only 14 days for compliance.

The Subpoena requests information  not only pertaining to Idelle Labs products purchased by Victory from the named Defendants in Idelle Labs' action, but also regarding purchases of products from nearly **400 other vendors** over the last 10 years.

In the spirit of cooperation, and without waiving any objections, Victory sent correspondence to Idelle Labs relaying that, to its knowledge, Victory did not purchase any Idelle Labs products from the named Defendants.[3] On November 19, 2013, Idelle Labs responded that Victory must comply with the Subpoena and provide by November 22, 2013 the much broader information regarding products Victory purchased from other vendors besides Idelle Labs.  Obviously, this is a fishing expedition that bears no relevance to Idelle Labs' claims in the New York litigation.

This Court should issue an order quashing the Subpoena because (a) it is defective and unenforceable on its face; (b) it is overly broad and would unduly burden Victory; and (c) it seeks unquestionably proprietary trade and commercial information.

---

[1] *Idelle Labs, LTD v. Dina Wein Reis, et al*, Case No. 10-CV-4284, United States District Court, Southern District of New York

[2] New York City, New York is located in the Southern District of New York.

[3] Affidavit of James R. Office ("Office Affidavit"), ¶ 11, attached hereto as Exhibit A.

## II.    LAW AND ANALYSIS

### A. This Court Should Issue An Order Quashing The Subpoena Because It is Invalid On Its Face.

Fed. R. C. P. 45(a)(2)(C) provides that a subpoena for production or inspection must issue from the court for the district where the production or inspection is to be made. A subpoena issued from wrong court is invalid on its face under Rule 45.[4] Additionally, while any attorney may issue and sign a subpoena as an officer of the court, said attorney must be authorized to practice in the issuing Court.

In the present case, the Subpoena was issued by Idelle Labs suffers from multiple defects. First, the Subpoena was issued from this district—the United States District Court, Southern District of Ohio; however, the Subpoena specifies that production must be made in New York City, which is located in the Southern District of New York. Under Fed. R. C. P. 45, the Subpoena is defective and unenforceable. Second, a check with the Clerk of Courts revealed that the issuing attorney, Rodney Brown, is not even certified in the Southern District of Ohio or otherwise admitted to practice before this Court and, therefore, is not authorized to issue a subpoena in this district.[5]

Third, even assuming the Subpoena was issued in the right court by an authorized attorney, it is nevertheless defective. Under Rule 45, a subpoena may be served at any place

---

[4] *Doe I v. Pauliewalnuts*, 5:08MC00001, 2008 WL 4326473 (W.D. Va. Sept. 19, 2008). *See, e.g., Monsanto Co. v. Victory Wholesale Grocers*, 2008 WL 2066449, *4 (E.D.N.Y.2008) (subpoena facially invalid); *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D.D.C.2006) (holding that the Court was unable to issue a subpoena that would require a party to produce documents in another district); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C.2002) (subpoena quashed as improper); *Echostar Commc'ns Corp. v. The News Corp., Ltd.,* 180 F.R.D. 391, 397 (D.Colo.1998) (invalid); *Kremen v. Cohen,* 2007 WL 1119396 (N. Cal.2007) (holding that subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); *Products Mistolin, S.A. v. Mosquera,* 141 F.R.D. 226, 229 (D. Puerto Rico 1992) (subpoena void on its face); *Insinga v. Daimler-Chrysler Corp.,* 2008 WL 202701 (N.D.N.Y.2008) (finding a violation of Rule 45(a)(2)(C) a "relatively modest procedural defect," although one that would provide a technical basis for denying a motion to compel).

[5] Fed. R. Civ. P. 45(a)(3).

outside the issuing district but within 100 miles of the place specified for production of documents.[6] The Subpoena, however, requires Victory to produce documents in New York City—over 600 miles from this district. Clearly compliance would be beyond the geographical limits of F.R.C.P.45(c). Accordingly, the Subpoena must be quashed.

**B. This Court Should Issue An Order Quashing The Subpoena Because The Information Sought Is Not Relevant, And Compliance Would Be Unduly Burdensome, Expensive, and Require Disclosure Of Privileged Or Otherwise Protected Matters.**

Rule 45(c)(3) provides, in pertinent part, that "the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[7]

The scope of a subpoena issued under Rule 45 is "'subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1).'" [8] Whether a subpoena imposes an undue burden upon a third party is a case specific inquiry that turns on factors such as " 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.' "[9] Additionally, Rule 45(c)(3)(B) further establishes that the court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."[10] "Courts are required to balance the need for

---

[6] *Brinkley v. Houk*, 4:06 CV 0110, 2008 WL 4560777 (N.D. Ohio Oct. 8, 2008).

[7] Fed.R.Civ.P. 45(c)(3)(A).

[8] *Recycled Paper Greetings, Inc. v. Davis*, 1:08-MC-13, 2008 WL 440458 (N.D. Ohio Feb. 13, 2008)(citing *Laethem Equip. Co. v. Deere and Co.*, 2007 WL 2873981. at *4 (E.D .Mich.2007)).

[9] *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D.Ohio 1999) (citations omitted).

[10] *Id.* (citing Fed.R.Civ.P. 45(c)(3)).

discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs <u>against</u> disclosure."[11]

The party who issued the subpoena has the burden of "establish[ing] a need for the breadth of the information sought in response to [a non-party's] *prima facie* showing that the discovery [would be] burdensome."[12]

Through the Subpoena, Idelle Labs seeks, among other things, all correspondence, documents, agreements, and internal memoranda pertaining to any purchases by Victory of, not only all Idelle Labs' products purchased from the named Defendants and/or any of their 345 affiliates, but also Victory's purchase of any and all products from over 400 vendors over the last 10 years.[13] The scope of material sought alone makes compliance with the Subpoena unduly burdensome on its face. A search of that magnitude would require hundreds of hours reviewing computerized and archived records going back to 2003, some of which may no longer exist, for information that is proprietary to Victory and is wholly irrelevant to Idelle Labs' case.[14] Information pertaining to Victory's products, pricing and supply chain obviously has considerable economic value, is proprietary in nature, and allows it to stay competitive in the market place.[15] Disclosure of such information to third parties would cause irreparable economic injury.

## III.  CONCLUSION

For the foregoing reasons, non-party Victory Wholesale Grocers respectfully requests this Court to quash the subpoena issued by Idelle Labs, Inc.  In the alternative, Victory

---

[11] *Id.*

[12] *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d 422, 423–24 (Fed.Cir.1993).

[13] See Subpoena, attached hereto as Exhibit B.

[14] Office Affidavit, ¶¶ 7-10.

[15] *Id.*

6

Wholesale Grocers respectfully requests that the Subpoena be modified so that it is not unduly burdensome and does not seek information that is proprietary and commercial to Victory.

Respectfully submitted,

**FLAGEL & PAPAKIRK LLC**

/s/ James Papakirk
James Papakirk (0063862)
Sara C. Conley (0080673)
Flagel & Papakirk LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
Email: jpapakirk@fp-legal.com

*Attorneys for non-party*
*Victory Wholesale Grocers*

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendant hereby certifies that a copy of the foregoing was served on the following counsel of record this 21st day of November, 2013:

Rodney A. Brown, Esq.
Brown & Whalen, P.C.
260 Madison Avenue, 17th Floor
New York, New York 10016

/s/ James Papakirk
James Papakirk (0063862)