UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
(AT CINCINNATI)

IN RE:

SUBPOENA ISSUED TO VICTORY
WHOLESALE GROCERS, INC.

**************************************************************************

| | | |
|---|---|---|
| **IDELLE LABS, LTD.,** | : | |
| Plaintiff, | : | Case No. 13-mc-00066 (HJW)(KLL) Miscellaneous Action |
| -against- | : | |
| | : | |
| | : | |
| **DINA WEIN REIS, et al.,** | : | |
| Defendants. | : | |
| | : | |

**************************************************************************

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO NON-PARTY VICTORY WHOLESALE GROCERS' MOTION TO QUASH OR, IN THE ALTERNATIVE, MODIFY SUBPOENA ISSUED TO VICTORY WHOLESALE GROCERS, INC.

Plaintiff Idelle Labs, Ltd. (hereinafter, "Plaintiff" or "Idelle"), by and through its undersigned counsel, Cohen Todd Kite & Stanford, LLC, respectfully submits the instant Memorandum of Law in Opposition to Non-Party Victory Wholesale Grocers' (hereinafter, "Victory") Motion to Quash Or, In The Alternative, Modify Subpoena Issued To Victory Wholesale Grocers, Inc. (hereinafter, "Victory's Motion").

The thrust of Victory's Motion is that the documents requested in Plaintiff's

subpoena are overly broad and burdensome to Victory.

Preliminarily, the Court should understand the background of this case. The instant action, which Plaintiff commenced on May 27, 2010 in the Southern District of New York in the action entitled, Idelle Labs, Ltd. v. Reis, et al., 10-cv-4284 (SHS) (hereinafter, the "Idelle Action"), was brought under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 et seq., to redress injuries caused by the fraudulent and criminal acts perpetrated by Defendants' criminal enterprise against Idelle and numerous other victims. The enterprise perpetrated against Idelle consisted of Reis, Cooper and Sarah Golden ("Golden")[1] (hereinafter, the "Enterprise"). See Plaintiff's Amended Complaint, a copy of which, without exhibits[2], is annexed hereto as Exhibit A.

The Enterprise, operating in and affecting interstate commerce, defrauded Idelle and other victims using Working World, Inc. (hereinafter, "WWI") and other alternate entities, which falsely represented that it was in the business of selling and distributing consumer products in a nationwide network of small pharmacies and other distribution programs. Through such false and similar misrepresentations, the Enterprise fraudulently induced Idelle, and did or attempted to induce other manufacturers of consumer products, including numerous publicly held companies throughout the nation, to sell their products to WWI and other similar entities at prices substantially below the prices ordinarily charged for merchandise intended for the U.S. domestic market. Other manufacturers included, but are not limited to: 3M, ACH Food

---

[1] Cooper and Golden held themselves out as employees of a number of entities owned and/or controlled by Reis.

[2] Due to the voluminous nature of the exhibits annexed to Plaintiff's Amended Complaint, Plaintiff has refrained from attaching said exhibits so as not to burden the Court. However, if the Court wishes to review the supporting exhibits to Plaintiff's Amended Complaint in the Idelle Action, Plaintiff respectfully refers the Court to Docket Entry Nos. 98-1 to 98-19 in the Idelle Action in this regard.

Companies, Inc., Boots Healthcare USA, Inc., Bristol-Myers Squibb, Bush Brothers & Company, Conopco, Inc. d/b/a Unilever, Cirrus Healthcare, Dean Specialty Foods, Eagle Foods, Energizer Holding, Inc. (Schick), Ghirardelli Chocolate, GlaxoSmithKline PLC  (Smithkline Beecham Corp.), Hulman Company (Clabber Girl Corp.), Idahoan Foods,  Kelloggs Company, Kraft,  Le Creuset,  Melitta USA, Inc., Mentholatum Company, Pinnacle Foods, Proctor & Gamble, Reily Foods Company, Revlon, Roche Diagnostics Corporation ("Roche"), Schering-Plough, Swarovski Crystals,  Tetley USA Inc., Tom's Of Maine, Ashland Inc. (Valvoline) and Welch's.

In reality, and unbeknown to Idelle, the Enterprise had been established for at least ten years and continued to at least 2008 under the names of various holding companies, various corporate sampling entities and numerous sampling programs, and at all relevant times, operated for the principal purpose of enriching itself by using false pretenses to purchase consumer products at below-list prices and by then improperly diverting the consumer products, via diverters such as Quality King Distributors, Inc. and/or Victory Wholesale Grocers, for sale into the domestic market, thereby reaping large profits for Defendants.  Indeed, after obtaining the substantially discounted consumer products from Idelle under the false pretenses that WWI would distribute them to WWI's network of thousands of independent pharmacies and drug stores nationwide, the Enterprise, in direct contravention of the representations of Defendants that the products would be sold in independent pharmacies and drug stores nationwide, diverted all, if not virtually all, of the Idelle products to a diverter(s) for sale in the U.S. domestic market.

As set forth in Paragraph 22 of the Victory Subpoena, Dina Wein Reis created and/or controlled over 250 corporate entities (hereinafter, the "Dina Wein Reis Entities"), which she operated in furtherance of her fraudulent scheme.  However, despite the fact that over 250

corporate entities were created and/or controlled by Reis, all of the Dina Wein Reis Entities are under the same umbrella of the Reis Enterprise.

Notwithstanding Victory's representation that it did not purchase any Idelle products from any of the Dina Wein Reis Entities, documents demonstrating Victory's purchases of other products from the Dina Wein Reis Entities remain highly relevant and necessary in the Idelle Action. The Idelle Action is a RICO action involving the diversion of product. Plaintiff is entitled to show that two of the nation's recognized diverters, Victory Wholesale Grocers and Quality King Distributors, Inc., were the two purchasers to whom Dina Wein Reis and/or the Dina Wein Reis Entities sold 99% of a corporate target's product in a scam comprising of alleged distribution programs that would purportedly distribute product to thousands of networks when, in effect, the Dina Wein Reis Entities were operating to service the needs of these two large diverters, and for the financial benefit of Reis. This was confirmed by one of the former defendants in the Idelle Action, Sarah Golden[3], in a recent Affidavit, sworn to May 16, 2013 and which is currently filed under seal in the Southern District of New York, in which she stated that,

> "[t]he remaining ninety-nine percent (99%) or more of the product was presold from a Reis-controlled selling entity to one of two companies: Victory Wholesale Grocers, Inc. ("Victory") or Quality King, who would have furnished requests for the product even prior to the receipt of the product by Reis' company. This was despite the fact that Reis and her staff emphasized to the targets on a number of occasions that the product would not be diverted."[4]

Victory has even been identified by the Defendants in the Idelle Action as one of the two diverting entities to which product would be sold in, for example, its CALL-KIT

---

[3] Sarah Golden also pled guilty in the Criminal Action.
[4] Sarah Golden also confirmed in her Affidavit that Reis and/or the Dina Wein Reis Entities "solicited and received orders from Victory and Quality King for consumer products these companies were interested in purchasing."

program, a copy of which is annexed hereto as Exhibit B.[5]  Further in this regard, Reis herself testified in the instant Idelle Action that Victory was a purchaser of product from her companies. See Dina Wein Reis Deposition Transcript dated October 23, 2013 at 186 L. 22-24, pertinent pages of which are annexed hereto as Exhibit C.

It is also important to note that on October 22, 2008, Dina Wein Reis, along with several other defendants, were indicted in the Southern District of Indiana, based on the fraudulent schemes detailed, in large part, herein (hereinafter, the "Criminal Action"). A copy of the Indictment, which details the criminal acts of Reis and her accomplices, and which charges said individuals with conspiracy to commit wire fraud, pursuant to 18 U.S.C. § 1349, and wire fraud, pursuant to 18 U.S.C. §§ 1343 and 2, is annexed hereto as Exhibit D.  Reis pled guilty to the charges therein.  See Plea Agreement, a copy of which is annexed hereto as Exhibit E.

Even in the Criminal Action, Dennis Halliden, Special Agent, U.S. Department of Justice, Federal Bureau of Investigations, further confirmed in an Affidavit, sworn to on October 23, 2008 (hereinafter, the "Halliden Aff."), that Victory is one of the three major companies that deal in diverted goods, and that had done business with Reis in furtherance of her fraudulent scheme.  See Halliden Aff. at par. 8, pertinent pages of which are annexed hereto as Exhibit F.

The Victory Subpoena, which is annexed as Exhibit B to Victory's Motion, only contains 13 requests for production of documents.  Other than documents requests concerning Idelle products, Plaintiff has requested the following documents between Victory and any of the Dina Wein Reis Entities:  (i) agreements concerning the purchase and/or sale of products; (ii) payments concerning the purchase and/or sale of products; (iii) correspondence concerning

---

[5] It should be noted that the CALL-KIT program brochure referencing Victory was one of two versions that Reis and/or the Dina Wein Reis Entities had created as part of their fraudulent scheme.

Victory's purchase of products from the Dina Wein Reis Entities; and (iv) Victory's internal memoranda in connection with the foregoing.  <u>See</u> Victory Subpoena, Exhibit B to Victory's Motion.  Each of the foregoing documents are relevant in that they will demonstrate and establish the ongoing relationship between Reis and/or the Dina Wein Reis Entities and Victory in furtherance of Reis' Enterprise and fraudulent diversion scheme.  If any documents requested from Victory purportedly do not exist, Plaintiff is not asking Victory to produce such documents.  Moreover, Victory, in its Motion, never denies purchasing product from the Dina Wein Reis Entities, or that any of the documents requested (other than those concerning Idelle products) do not exist.

With respect to Victory's concern about the production of any responsive documents that are confidential and/or proprietary in nature, there is a Protective Order in place in the Idelle Action.  Plaintiff ensures that, pursuant to the Protective Order in the Idelle Action, it will honor Victory's designations of any and all documents produced to us that it wishes to designate as Confidential and/or Highly Confidential – For Attorneys' Eyes Only.

Following written correspondence to Victory's counsel, Plaintiff's Of Counsel, Rodney A. Brown of Brown & Whalen, P.C., in a telephone call to Victory's counsel on Monday, December 9, 2013, expressed its willingness to considerably narrow the scope of the document requests, to the production of correspondence between Victory and any of the Dina Wein Reis Entities, and the production of summary documents of purchases made by Victory from any of the Dina Wein Reis Entities.  These are documents whose information are typically stored in a computer system and can be easily generated by a computer. Therefore, such a production should, in no way, be burdensome and/or time consuming to Victory.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Victory's Motion to Quash Or, In The Alternative, Modify Subpoena Issued To Victory Wholesale Grocers in its entirety.

Dated: New York, New York
December 12, 2013

By:  /s/ John O'Shea
John O'Shea
COHEN, TODD,
KITE & STANFORD, LLC
Attorneys for Plaintiff
250 East Fifth Street
Suite 2350
Cincinnati, Ohio 45202
(513) 421-4020

BROWN & WHALEN, P.C.

Of Counsel for Plaintiff
260 Madison Avenue, 17th Floor
New York, NY 10016
Tel.: (212) 421-1845